IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OPENMIND SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-03285-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court are two anonymous Movants' motions to quash the subpoena served on RCN Telecom Services or sever Movants from the instant action (Docs. 9, 11, 14) and Plaintiff's motions in opposition (Docs. 12, 13). Having fully considered the parties' arguments, including Plaintiff's arguably revised position regarding who it intends to sue in this case, the Court finds that discovery is no longer proper at this time. It, therefore, vacates its June 11, 2012 Order (Doc. 7) granting limited early discovery to Plaintiff.

In Plaintiff's Complaint (Doc. 1) and Memorandum of Law in Support of Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference (Doc. 6), Plaintiff implies that its caption against "John Doe" is intended to encompass what Plaintiff frequently refers to as "John Doe and his joint tortfeasors." Moreover, Plaintiff refers to the need to obtain information "where there are no known defendant*s*" (emphasis added) and argues the necessity of obtaining the identity not just of John Doe, but also of his joint tortfeasors.

In its latest filing (Doc. 12), however, Plaintiff argues that this case involves a single defendant, John Doe, and, therefore, other anonymous John Does do not have standing to challenge the subpoenas to obtain their information. For example, Plaintiff states, "Movant is

not a party to this case as no one has yet been named or served. Further, Movant is not even John Doe—the eventual Defendant in this case."

Therefore, it appears Plaintiff has changed its position from its initial filing. If individuals from whom Plaintiff seeks information are not defendants or eventual defendants in this case, the Court finds no reason to allow Plaintiff to obtain information regarding their identity in the present lawsuit. Plaintiff cannot argue both sides of the coin, in one motion implying that the case contains multiple defendants from which it seeks information and in another asserting that there is just one defendant.

Therefore, it is hereby ordered that the Court's June 11, 2012 (Doc. 7) Order is vacated. Plaintiff must immediately cease collection of identifying information from any John Doe, aside from that individual listed in the complaint by IP address 50.27.201.82. Plaintiff must also notify the subpoenaed Internet Service Providers that the Court has vacated its June 11, 2012 Order. If Plaintiff has already received information regarding the identities of other John Does, it is ordered to destroy that information immediately and cease from contacting those individuals in any way.

IT IS SO ORDERED.

Date:  September 11, 2012

        /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT