IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OPENMIND SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-03285-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOVANTS' MOTIONS TO QUASH

Pending before the Court are two anonymous Movants' motions to quash the subpoena served on RCN Telecom Services or sever Movants from the instant action (Docs. 9, 11, 14) and Plaintiff's motions in opposition (Docs. 12, 13). The Court denies Movants' motions for the following reasons.

The Court denies Movants' motions to quash the subpoena because this Court did not issue the subpoena, and federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena . . .") (emphasis added); *S.E.C. v. CMKM Diamonds, Inc*., 656 F.3d 829, 832 (9th Cir.) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.").

The Court also denies Movants' motions to sever them from this lawsuit because they are not listed as Defendants in the instant action and Plaintiff maintains that it will not seek to add them as Defendants. Furthermore, the Court's previous order (Doc. 7) allowing Plaintiff to conduct discovery to reveal the information of the unknown movants has been vacated, and

Plaintiff has been ordered to cease from contacting these individuals or using their personal identifying information in any way at this time.

IT IS SO ORDERED.

Date: September 13, 2012

                                                 /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT