IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| OPENMIND SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-03285-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE

On June 11, 2012, Plaintiff brought this action for copyright infringement, civil conspiracy, and contributory infringement against an unknown Defendant, John Doe (Doc. 1). In order to identify the unknown Defendant, Plaintiff sought leave to issue a subpoena on John Doe's Internet Service Provider ("ISP") (Doc. 5). Plaintiff also sought leave to issue subpoenas on John Doe's joint tortfeasors' ISPs to obtain their identifying information "in order to establish the extent of the damages caused by the civil conspiracy in which the Defendant participated and the infringement in which the Defendant contributed" (Doc. 5). The Court granted this request on June 11, 2012 (Doc. 7).

On September 13, 2012, the Court granted Plaintiff's motion to amend the complaint to reflect Darren Tullis as the Defendant (Doc. 20). However, the Court vacated its order with respect to the joint tortfeasors (Doc. 15), ordering Plaintiff to hold, but not use, the identifying information of the joint tortfeasors until Defendant Daren Tullis had an opportunity to be heard on the issue (Doc. 22).

On December 27, 2012, Plaintiff filed a stipulation of voluntary dismissal without prejudice (Doc. 29).[1] However, Plaintiff requests the Court allow it to keep the information regarding the identity of the joint tortfeasors (Docs. 17, 26, 29). For the following reasons, that request is denied. This case is dismissed without prejudice and all parties are ordered to destroy the identifying information of Defendant's joint tortfeasors.

Plaintiff provides three primary reasons for retaining the identifying information of Defendant's joint tortfeasors.

First, Plaintiff argues that the identities of Defendant's joint tortfeasors are necessary to establish liability for contributory infringement and conspiracy.

> Plaintiff has employed a variety of strategies in prosecuting the epidemic-scale digital piracy of its works. In some cases, it has cast a wide net to prosecute a broad swath of infringers. In other cases, including in the instant action, Plaintiff targets a worst-of-the-worst infringer. It is not enough to hold such an infringer liable for only his direct infringements. To send a proper message, Plaintiff must exercise its rights to hold the infringer liable for the full extent of his liability under theories of contributory infringement and conspiracy. Of course, to prove contributory infringement Plaintiff must establish an underlying direct infringement. Just as it is necessary to know the Defendant's identity to prove his direct infringement, so too is it necessary to know his joint tortfeasors' identities.
>
> \*\*\*
>
> The joint tortfeasors have knowledge and possess critical digital forensic evidence that will allow Plaintiff to establish Defendant's liability . . . By reference to the joint tortfeasors' electronically stored information, Plaintiff will gain evidence of the conspiracy's efforts and John Doe's collaboration in that conspiracy and the extent of the infringement to which John Doe contributed.

Doc. 17, at 4, 5.

Second, Plaintiff argues that the identities of Defendant's joint tortfeasors are necessary to establish the scope of damages.

---

[1] Plaintiff's stipulation of dismissal states: "When attempting to serve Defendant Tullis, the Plaintiff discovered, via the registered user Tami Tullis, that a third party infringer was involved in this action who is the son of Tami Tullis. In lieu of moving to amend the complaint, the parties have reached a settlement to the claims between them" (Doc. 29).

> The joint tortfeasors have knowledge and possess critical digital forensic evidence that will allow Plaintiff to establish . . . the scope of the damages for which John Doe is joint and severally liable.

Doc. 17, at 5.

> The Copyright Act expressly permits a plaintiff to seek either statutory damages or actual damages against the infringer. . . . Plaintiff pled that it may seek actual damages against the Defendant. . . . While the identifying information of Defendant's joint tortfeasors may not be necessary for establishing statutory damages, this information is very necessary to determine the extent of the actual damages Plaintiff may seek against the Defendant.

Doc. 26, at 2.

Finally, Plaintiff argues that "Defendant likely needs the identifying information of his joint tortfeasors" for his defense.

> [D]igital forensic evidence possessed by the subscribers could show that third parties spoofed Defendant's identity to commit the acts. Further, the evidence could show that the scope of the infringement is far narrower than that alleged by Plaintiff. Finally, Defendant may seek to assert contribution claims against his joint tortfeasors to lessen his proportionate share of any damages that Plaintiff might establish at trial.

None of these three arguments is relevant now that Plaintiff has reached a settlement with Defendant. Plaintiff no longer needs the information of Defendant's joint tortfeasors to establish liability or damages. And Defendant does not need the information of the joint tortfeasors to defend himself in this case.[2]

Plaintiff's only argument for retaining the information of Defendant's joint tortfeasors is set forth in the parties' stipulation of dismissal where Plaintiff maintains that the information is "vital to Plaintiff for the purposes [of] pursuing additional legal actions to protect its copyrighted work from Defendant's co-conspirators." However, this reason is not sufficient to allow the parties to retain the information. Plaintiff has provided no legal authority for its proposition that

---

[2] Moreover, the Court provided Tami Tullis an opportunity to be heard regarding the need to retain this information and Ms. Tullis did not file a response.

it should be allowed to gain identifying information of non-party individuals in an effort to bring future lawsuits.  In fact, one district court has found that information related to non-party IP address for purposes of litigating current claims is not relevant and should not be discoverable. *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 195 (N.D. Ill. 2012) ("It is thus plain that the plaintiffs are not seeking information about the non-party IP addresses for the purpose of litigating their current claims. Instead, the plaintiffs intend to either sue the individuals whose identity they uncover or, more likely, to negotiate a settlement with those individuals.").[3]

Accordingly, Plaintiff's request to retain the information of Defendant's joint tortfeasors is denied and all parties are ordered to destroy the identifying information of the joint tortfeasors immediately (Docs. 17, 26, 29).[4]   This case is dismissed without prejudice.

**IT IS SO ORDERED.**

Date:  April 24, 2013                                            /s/ Greg Kays
                                                                 GREG KAYS, JUDGE
                                                                 UNITED STATES DISTRICT COURT

---

[3] This strategy appears to be the case here.  Plaintiff could ascertain the identities of multiple defendants by joining them in one lawsuit.  However, many courts have held that the joinder of multiple John Does in a copyright infringement case is improper.  *See, e.g., Digital Sins, Inc. v. John Does 1-245*, 11 CIV. 8170 CM, 2012 WL 1744838 (S.D.N.Y. May 15, 2012); *K-Beech, Inc. v. John Does 1-85*, 3:11CV469-JAG, 2011 WL 9879174 (E.D. Va. Oct. 5, 2011).  Attorneys circumvent this case law by filing a lawsuit against only one John Doe but seeking the identifying information of all joint tortfeasors for the stated purposes of establishing liability and damages.  After reaching a settlement with one John Doe, the plaintiff voluntarily seeks to dismiss the action.  However, the plaintiff retains the identifying information of all other joint tortfeasors with the possibility of later pursuing actions against them.  *See, e.g.*, *Sunlust Pictures, LLC v. John Doe*, No. 12-00656 (D. Colo. 2012);  *First Time Videos LLC v. John Doe*, No. 11-00690, Doc. 35 (E.D. Va. 2011) ("Any future actions pursued against the joint tortfeasors, whether in contribution by the Defendant or for further claims by  Plaintiff, will be pursued in separate actions in the appropriate jurisdictions.").   In this way, the plaintiff avoids the expense of filing a separate lawsuit against each defendant in order to obtain their identifiers while still receiving the desired information. The plaintiff then seeks settlement against the additional tortfeasors without filing suit.  One court has described plaintiffs' litigation tactics in these cases: "(1) a plaintiff sues anywhere from a few to thousands of Doe defendants for copyright infringement in one action; (2) the plaintiff seeks leave to take early discovery; (3) once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand; (4) the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements—a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers." *MCGIP, LLC v. Does 1–149,* No. 11 C 2331, 2011 WL 4352110, at *4 n.5 (N.D. Cal. Sept. 16, 2011).

[4] This includes Plaintiff, Defendant, Tami Tullis, and any other individual who gained access to this information for the purpose of this lawsuit.